BARKDULL, Judge
(dissenting).
I respectfully dissent. Orange Motors completed the written document by filling in the blanks. On the face of the instrument, wherein it was to designate the buyer, it listed only the name of Diwaldo Morales. It is apparent that the agreement was unenforceable as to the buyer and, therefore, I would hold Orange Motors liable under the guaranty agreement executed by it as seller. Agreements are construed most strongly against the drafter. Lindquist v. Burklew, Fla.App.1960, 123 So.2d 261; Allegheny Mutual Casualty Company v. State, Fla. App.1965, 176 So.2d 362; Niagara Therapy Manufacturing Corporation v. Niagara Cyclo Massage of Miami, Inc., Fla.App. 1967, 196 So.2d 474.
The original security agreement not being enforceable in accordance with its terms, the seller should not be released from liability. Therefore, I would affirm the action of the trial judge.